# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DISTRICT

| | | |
|---|---|---|
| LAFARGE NORTH AMERICA, INC., | ) | |
| | ) | |
|     Plaintiff/Counter-Defendants, | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-02151-JPM-tmp |
| | ) | |
| WALLBOARD MATERIALS, LLC; | ) | |
| PHIL C. CHAMBERLAIN, II, | ) | |
| individually; JON E. McCREERY, | ) | |
| individually; and | ) | |
| ROBERT BINGHAM, III, individually, | ) | |
| | ) | |
|     Defendants/Counter-Plaintiffs. | ) | |

**ORDER GRANTING DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR PERMISSION TO ANSWER REQUESTS FOR ADMISSIONS NUNC PRO TUNC**

Before the Court is Defendants/Counter-Plaintiffs Wallboard Materials, LLC, Phil C. Chamberlain, II, Jon E. McCreery, and Robert Bingham, III's (collectively "Defendants" or "Wallboard") Motion for Permission to Answer Requests for Admissions Nunc Pro Tunc, filed on September 17, 2013. (Defs.' Mot. to Answer Requests Nunc Pro Tunc ("Defs.' Mot."), ECF No. 26.)

Plaintiff/Counter-Defendant LaFarge North America, Inc. ("Plaintiff" or "LaFarge"), filed its Response in Opposition on September 27, 2013. (Pl.'s Resp., ECF No. 27.)

For the reasons stated below, the instant Motion is GRANTED.

I.   **Background**

LaFarge filed the instant case against Wallboard on March 8, 2013, alleging breach of certain promissory notes signed by Wallboard and the individually named Defendants and breaches of contract and personal guarantee.  (ECF No. 1.)  Wallboard filed its Answer and Counterclaim against LaFarge on April 18, 2013. (Answer by Defs./Counter-Pls., ECF No. 19.)  LaFarge filed its Answer to Wallboard's Counterclaim on May 6, 2013.  (ECF No. 21.)

The Court entered a Scheduling Order in the instant case on April 5, 2013.  (ECF No. 17.)  In the Order, the Court set the deadline for document production, interrogatories, and requests for admissions as August 30, 2013.  (Id. at 2.)

On July 26, 2013, LaFarge filed a Notice of Service of Written Discovery, noting that it had "served upon the defendants . . . Plaintiff's First Request for Admissions; Plaintiff's First Set of Interrogatories; and Plaintiff's First Requests for Production of Documents."  (ECF No. 22 at 1.)

Since the filing of the Complaint, the parties have been engaged in settlement discussions.  According to emails filed with LaFarge's Response in Opposition, Wallboard made an offer of settlement to LaFarge on August 7, 2013.  (Email from Matthew P. Taunt to Derek E. Whitlock (Aug. 15, 2013) ("August 15 email") at PageID 156-57, ECF No. 27-1.)  On August 15, 2013,

LaFarge rejected Wallboard's offer and proposed a different settlement agreement. (Id.) On August 27, 2013, Wallboard responded to LaFarge's settlement offer stating it "would like to offer the following counter-proposal." (Email from Derek E. Whitlock to Matthew P. Taunt (Aug. 27, 2013) ("August 27 email") at PageID 158-59, ECF No. 27-1.) On September 3, 2013, LaFarge withdrew its offer and stated it "would not authorize any settlements that run longer than [a payment period of] 8 months," but stated that it believed the amount of Wallboard's settlement offer was acceptable. (Email from Matthew P. Taunt to Derek E. Whitlock (Sept. 3, 2013) ("Sept. 3 email") at PageID 161, ECF No. 27-1; see also Taunt Aff. ¶ 20, ECF No. 27-1 at PageID 154.)

Wallboard filed its Responses to Plaintiff/Counter-Defendant's Requests for Admissions on September 16, 2013. (ECF No. 24.) Wallboard filed the instant Motion requesting permission to file its untimely answers to LaFarge's requests for admissions nunc pro tunc on September 17, 2013.[1] (Defs.' Mot., ECF No. 26.)

Pursuant to Federal Rule of Civil Procedure 36(b), Wallboard seeks to withdraw its admissions and amend them with the September 16, 2013, Response (see ECF No. 24). (Defs.' Mot.

---

[1] Wallboard first attempted to file the instant Motion on September 16, 2013, but had to refile the Motion the following day as the result of a filing deficiency. (See ECF No. 25.)

at 1-3, ECF No. 26.) LaFarge filed its Response in Opposition on September 27, 2013. (Pl.'s Resp., ECF No. 27.)

**II. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 36(a), after a party serves another party with requests for admission, "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Pursuant to Rule 36(b), "[a] matter admitted . . . is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Rule 36(b) also provides a two-prong test in determining whether to permit withdrawal of an admission, "Subject to Rule 16(e), the court may permit withdrawal or amendment [1] if it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Id.; see also Medtronic Sofamor Danek, Inc. v. Michelson, No. 01-2373 MLV, 2004 WL 179310, at *2 (W.D. Tenn. Jan. 2, 2004).

With regard to prejudice,

> [t]he prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Prejudice under Rule 36(b), rather, relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.

Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 154 (6th Cir. 1997) (alterations in original) (citations omitted) (internal quotation marks omitted). Further, "the burden is on the party who obtained the admission to satisfy the court that he would be prejudiced if the admission is withdrawn." Medtronic Sofamor Danek, Inc., 2004 WL 179310, at *3.

**III. Analysis**

Wallboard first attempts to excuse its untimely filing by stating that the parties were involved in ongoing settlement negotiations and that "Wallboard and LaFarge had agreed in principle to a settlement agreement on or about August 30, 2013." (Defs.' Mot. at 1-2, ECF No. 26.) Review of the submitted emails and the affidavit of LaFarge's counsel indicate this argument is unavailing. The emails submitted with LaFarge's opposition brief indicate there was no agreement "in principle," rather Wallboard made a counter-offer to LaFarge's settlement offer. (See August 27 email at PageID 158, ECF No. 27-1.) The affidavit of LaFarge's counsel states that LaFarge rejected Wallboard's counter-offer on August 28, 2013, and

5

that on August 30, 2013, there was more discussion between the parties regarding settlement terms, but that these terms were "never accepted by the Defendants." (Taunt Aff. ¶¶ 15-21, ECF No. 27-1 at PageID 153-54.)

Further, it is undisputed that Wallboard did not timely file its Answers to LaFarge's Requests for Admissions, and that those requests are, therefore, admitted. (See Defs.' Mot. at 2, ECF No. 26 ("Wallboard readily admits that it did not file Answers to Requests for Admissions timely . . . .").) Accordingly, the only issue before the Court is whether withdrawal and amendment of those admissions is proper under Rule 36(b).

The first prong under Rule 36(b) is whether withdrawal of admissions "would promote the presentation of the merits of the action," which "is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case.'" Riley v. Kurtz, 194 F.3d 1313 (6th Cir. 1999) (unpublished table decision) (quoting Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)); accord Medtronic Sofamor Danek, Inc., 2004 WL 179310, at *2.

In the instant case, Wallboard's proposed Answers to the Requests for Admissions admit that Defendants executed the 2011 Promissory Note, the 2009 Security Agreement, the

6

Chamberlain Guaranty, the McCreery Guaranty, and the Bingham Guaranty; admit that Defendants were represented by legal counsel when these documents were signed; state that the 2011 Promissory Note and the Chamerlain, McCreery, and Bingham Guarantees all speak for themselves; and admit that LaFarge supplied product to Wallboard after the execution of the 2011 Promissory Note. (See ECF No. 24 at Response Nos. 1-3, 5, 7, 9-18, 21.)

The remaining requests for admissions relate to Wallboard's defenses and counterclaims, namely that each Defendant "read, reviewed, and understood" the guarantees (see id. at Request Nos. 4, 6, 8); that LaFarge had "never promised to continue to supply product to Wallboard upon execution" of the notes and guarantees (see id. at Request Nos. 19, 22-23); and the amount of relief sought by LaFarge (see id. at Request No. 24). Having been admitted by operation of Rule 36(a), Wallboard seeks to withdraw and amend these admissions.

Having reviewed the record, the Court finds that preventing Wallboard from withdrawing and amending these admissions would preclude Wallboard from presenting evidence relating to its defenses and counterclaims. (See Answer by Defs./Counter-Pls., ECF No. 19.) As a result, these admissions may go to the merits of the case and

allowing Wallboard to withdraw and amend them may "promote the presentation of the merits of the action." Accordingly, Wallboard appears to have satisfied the first prong of Rule 36(b).[2]

With regard to the second prong for the proper withdrawal of admissions under Rule 36(b), whether there will be prejudice to the party obtaining the admission, "the burden is on the party who obtained the admission to satisfy the court that he would be prejudiced if the admission is withdrawn." Medtronic Sofamor Danek, Inc., 2004 WL 179310, at *3.

LaFarge argues it will be prejudiced "by having to engage in further discovery and incur additional attorney's fees and expenses that are completely unnecessary" as it believes Wallboard's proposed Answers to the Requests for Admissions "admit all critical issues before the Court." (Pl.'s Resp. ¶¶ 8-9, ECF No. 27.) LaFarge also asserts that Wallboard should be precluded from withdrawing the admissions because all of its denials rely on parol evidence that is inadmissible and "[t]hus, there is no reasonable factual or legal basis from which to grant the

---

[2] Regarding Wallboard's proposed objections to Request Nos. 14, 15, 17, and 18, the Court finds these objections appear to relate to Wallboard's defenses and counterclaims and, therefore, also may relate to the merits of the case.

defendants' motion."  (Pl.'s Mem. at 2, ECF No. 27-5; see also id. at n.1.)

Wallboard argues that LaFarge will not suffer prejudice because the deadline for filing dispositive motions is January 31, 2014, which gives LaFarge "five (5) months to acquire and prepare any and all evidence necessary to present its case."  (Defs.' Mot. at 3, ECF No. 26.)  Wallboard also asserts that, because the dispute "surrounds the execution and negotiation of closely related agreements between the parties, . . . no extensive discovery is necessary nor are there unrelated or unnamed parties that could cause delay."  (Id.)

The Court finds LaFarge has not met its burden to show it will be prejudiced by the withdrawal and amendment of Wallboard's admissions.  Pursuant to the case law of this circuit, LaFarge has not shown any "special difficulties [it] may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission."  See Kerry Steel, Inc., 106 F.3d at 154.  To the contrary, the Court agrees that any prejudice to LaFarge is minimal as discovery has not yet closed, the dispositive motions deadline is January 31, 2014, and there is no indication of any sudden need to obtain evidence that is precipitated by the withdrawal of the admissions.

Accordingly, Defendants' Motion for Permission to Answer Requests for Admissions Nunc Pro Tunc is GRANTED.

**IT IS SO ORDERED**, this 28th day of October, 2013.

/s/ Jon P. McCalla
U.S. DISTRICT COURT JUDGE
